UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Pensacola Division

CASE NO. CASE NO. 3:09-cv-00232-MCR-MD

STEPHEN BARDFIELD and CHARLES CARVER,

        Plaintiffs,

v.

CHISHOLM PROPERTIES CIRCUIT EVENTS, LLC and
JOHNNY CHISHOLM, individually.

        Defendants.

_____/

### PLAINTIFFS' RESPONSE TO DEFENDANTS' EMERGENCY MOTION FOR EXPEDITED HEARING ON DEFENDANTS' MOTION TO DISSOLVE PRELIMINARY INJUNCTION

      The Plaintiffs, STEPHEN BARDFIELD and CHARLES CARVER, by and through their undersigned attorneys, hereby respond to Defendants' Emergency Motion for Expedited Hearing on Defendants' Motion to Dissolve Preliminary Injunction.

      1.    Plaintiffs oppose Defendants' Emergency Motion for Expedited Hearing as the Court has properly entered the Preliminary Injunction in this matter.

      2.    Defendants, have previously failed to demonstrate any compliance whatsoever with this Court's Temporary Restraining Order and subsequent Preliminary Injunction. Surreptitiously, Defendants just now, two weeks after the event and one hour after filing their Emergency Motion, have for the first time provided unsubstantiated cursory information that purports to represent summary sales totals prepared by Defendants.  Without explaining their non-compliance and the absent of back-up as required by the Injunction,  Defendants now seek

an expedited hearing to dissolve the Preliminary Injunction on the basis of a red-herring argument put forth in their Motion for Summary Judgment and based on one vendor's email without even an invoice.

3.     As Plaintiffs' opposition papers to Defendants' Motion for Summary Judgment will fully demonstrate, Defendants' Motion for Summary Judgment is devoid of evidence that would make the entry of summary judgment allowable, and worse, is based on a misrepresentation of the facts. Such "facts", include the assertion that the note in question was prepared by the Plaintiffs' counsel, when in fact, it was Defendants who prepared the note and inserted the fee to which they now, for the first time, object. Defendants also ignore their initial solicitation to Plaintiffs which was introduced into evidence at the hearing in which Defendants offer the fee they now claim they are victimized under. Defendants somehow wish to ignore their pattern of fraud and actions and seek summary judgment without properly setting forth any facts.

4.     Moreover, Defendants fail to cite to the applicable exceptions to usury law, which make the usury provisions inapplicable to a limited liability company or its representative. Defendants argue a statute without even including the complete text. In addition, defenses such as estoppel apply due to Defendants' own fraud, including their submittal to Plaintiffs of a signed Personal Financial Statement and their own creation of the note, numerous offers to borrow more money at higher fees and constant promises to pay Plaintiffs including some made on their behalf by Defendants' counsel when requesting Plaintiffs not sue.  At no time prior to Monday, including many discussions with Defendants' counsel for months prior to the filing of this lawsuit, had Defendants ever contended the fee that Defendants offered and solicited to Plaintiffs was somehow criminal. Further, they offer no verified evidence disputing the Plaintiff's testimony of Defendants actions or the emails introduced as evidence which show Defendants'

2

bad faith. Plaintiffs need ample opportunity to respond and once again document by affidavit and Defendants' own emails that Defendants have no basis for their sudden reason for success. Defendants fail to acknowledge the undisputed testimony at the hearing of Defendants' fraudulent actions and misrepresentation to extract sums of money from Plaintiffs. Defendants' argument that they should be permitted to walk away from their own fraud is repulsive, a waste of judicial resources, and should be rejected outright, and further confirms the Defendants' pattern of fraudulent conduct.

5.    Defendants' two page motion to expedite, without citation to any law, does not present the existence of any exigent circumstances that would require an expedited hearing under Local Rule 7.1(E). In their motion to dissolve, Defendants only rely on one bill for insurance on an event that has already occurred and they have not even represented if there are any claims under such policies. Not surprisingly, the bill also seeks payments for unrelated events. Defendants apparently ignore there are other overdue sums for non-OMW events and offer no explanation why those were never paid and are different from the OMW event.  Is Defendants' theory that only OMW vendors need be paid with frozen credit card proceeds and other vendors for other of their events should not be paid because there are no frozen assets yet for those events?

6.    An expedited hearing is improper as Defendants' motion attempts to circumvent the due process requirements provided for by Rule 56 governing the summary judgment process. Clearly, Plaintiffs' deadline to submit their opposition papers is not yet ripe. Further, Defendants' alleged Summary Judgment motion is absent of any verified facts and somehow they view such empty arguments as evidencing their sudden weakening of Plaintiffs' likelihood of success.

7.    Not only did Mr. Chisholm or any Company representative fail to attend the

injunction hearing, their own counsel at the hearing was unable to offer any factual argument or evidence against Plaintiffs' likelihood of success on the merits.

8.      Defendants' alleged emergency relief is hollow, absent facts and authority and fails to offer any explanation of where all of the cash has gone thereby necessitating alleged emergency relief two weeks later.  Defendants in documents already presented into evidence represented there would be a minimum of $300,000 in cash collected during the weekend. Emergency relief for one vendor is questionable especially when two weeks after the event there is no explanation for why they have not complied with the accounting requirements of this Court's Orders and what happened to the cash.

9.      Defendants appear to only be attempting to avoid compliance and a true accounting. Defendants seek to unfreeze certain accounts which cumulatively appear to have less than $100,000 despite Defendants and their counsel's numerous representations that the weekend and days leading up to it would generate more than ten times such amount.

10.     Once before Defendants claimed the need for expedited relief late on a Friday night during the events also using the premise certain vendors must be paid or the events would be cancelled.  There was no emergency at that time either. Defendants admit that all events took place, and it now appears in retrospect, despite their allegations to the contrary, there was no emergency basis then as there is no emergency basis now. Plaintiffs are entitled to their due process to respond and should be allowed to do so before Defendants can quickly dispose of the remaining proceeds of their fraudulent and illegal actions.  Plaintiffs thus respectfully request that the Court deny Defendants' Motion for Expedited Hearing.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically

filed with the Court CM/ECF docketing system with notice being electronically sent to: Bruce C.

Fehr, Esq., *Counsel for Defendants*, Liberis & Associates, P.A., 212 W. Intendencia Street,

Pensacola, FL 32501, this **19th** day of **June, 2009.**

Respectfully submitted,
LIEBERMAN DANZ & KRONENGOLD, P.L.
Counsel for Plaintiffs
1301 International Parkway, Suite 140
Fort Lauderdale, FL  33323
Telephone:  (954)385-5400
Facsimile:   (954)385-5444

By:  _____/s/ Arianne B. Suarez_____
        Arianne B. Suarez
        Florida Bar No 143529
        asuarez@ldklaw.com
        Scott D. Lieberman
        Florida Bar No. 962678
        slieberman@ldklaw.com