IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**STEPHEN BARDFIELD and**
**CHARLES CARVER,**

    **Plaintiffs,**

v.                                             Case No.: 3:09cv232/MCR/MD

**CHISHOLM PROPERTIES CIRCUIT**
**EVENTS, LLC and**
**JOHNNY CHISHOLM, Individually,**

    **Defendants.**
_____/

# O R D E R

    Before the court is Defendants Chisholm Properties Circuit Events, LLC and Johnny Chisholm's ("Chisholm") Motion to Dissolve Preliminary Injunction and Writ of Attachment (doc. 25).  After carefully considering the motion and Plaintiffs' response, the court finds Chisholm's motion should be denied.

    Chisholm argues the preliminary injunction entered by the court on June 12, 2009, should be dissolved because (1) the promissory note executed by the parties on February 20, 2009, is unenforceable under New York's usury law and (2) plaintiffs' remaining claims are barred by the economic loss rule.[1]  The court disagrees.   The preliminary injunction was not based on the parties' promissory note; it was issued pursuant to the Florida Racketeer and Corrupt Organization Act ("RICO"), Fla. Stat. § 895.01 *et seq.*, which specifically authorizes injunctive relief.  *See* Fla. Stat. § 895.05(6).  The Eleventh Circuit

---

[1] The economic loss rule provides that "parties to a contract can only seek tort damages if conduct occurs that establishes a tort distinguishable from or independent of [the] breach of contract." *Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994) (citations and quotations omitted).

has clearly recognized that the economic loss rule does not bar a RICO claim under Florida law.  *All Care Nursing Serv. v. High Tech Staffing*, 135 F.3d 740, 745 (11th Cir. 1998).  As the Eleventh Circuit noted, many RICO cases involve contract disputes.  *Id*.  The Florida Supreme Court has also stressed that the economic loss rule does not preclude tort and statutory causes of action simply because the plaintiff has alleged a breach of contract.  *See*, *e.g.*, *Comptech Intern., Inc. v. Milam Comm. Park, Ltd.*, 753 So.2d 1219, 1221-22 (Fla. 1999); *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla. 1996).

     Chisholm also argues the preliminary injunction should be dissolved because Chisholm's Motion for Summary Judgment, which was filed on the same day as this motion, raises legal and factual issues that challenge the likelihood of Plaintiffs' success in this case.  However, the merits of Chisholm's Motion for Summary Judgment are not before the court at this point, and the instant motion presents no facts or caselaw relevant to Plaintiffs' RICO claim.  The court issued the preliminary injunction only after a thorough evidentiary hearing on June 9, 2009.  Johnny Chisholm failed to appear at hearing, and no substantial evidence was introduced opposing Plaintiffs' request for injunctive relief.  The issue before a court on a motion to dissolve a preliminary injunction is whether the moving party has shown changed circumstances that warrant relief.  *See Township of Franklin Sewerage Auth. v. Middlesex County Utilities Auth.*, 787 F.2d 117, 120 (3d Cir. 1986).  Chisolm has failed to show any change since the preliminary injunction was entered.  The motion (doc. 25) is DENIED.

     **DONE AND ORDERED** on this 6th day of July, 2009.


                                      *s/ M. Casey Rodgers*
                                     **M. CASEY RODGERS**
                                     **UNITED STATES DISTRICT JUDGE**