UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN BARDFIELD and
CHARLES CARVER,
             Plaintiffs,

v.                                                          Case No. 3:09cv232/MCR/EMT

CHISHOLM PROPERTIES CIRCUIT
EVENTS, LLC, and
JOHNNY CHISHOLM, individually.
             Defendants.
_____/

## ORDER, REPORT and RECOMMENDATION

This matter has been referred to the undersigned by the district court for all pretrial proceedings, including the issuance of preliminary orders, conduct of necessary hearings, and—with respect to any dispositive motions—the filing of a report and recommendation containing proposed findings of fact and conclusions of law (*see* Doc. 50). *See also* N. D. Fla. Loc. R. 72.2(E); 28 U.S.C. § 636(b)(1)(B)(C), and Fed. R. Civ. P. 72(b). Now before the court is "Plaintiffs' Amended Motion to Discharge Bond and Incorporated Memorandum of Law" (Doc. 70). Defendant Johnny Chisholm ("Chisholm"), who proceeds pro se, has responded to Plaintiffs' motion (Doc. 72). For the reasons and to the extent set forth below, the court recommends that Plaintiffs' motion be granted.

On June 1, 2009, Plaintiffs initiated this lawsuit, including the filing of an "Emergency ex Parte Motion for Temporary Restraining Order and Preliminary Injunction [and] Motion for Writ of Attachment . . ." against Chisholm and co-Defendant Chisholm Properties Circuit Events, LLC ("CPCE") (Docs. 1, 2). On June 3, 2009, the district court granted Plaintiffs' motion for a temporary restraining order, conditioned on Plaintiffs' posting a security bond with the clerk of court in the amount of $200,000.00 (Doc. 11, amended at Doc. 12). Plaintiffs posted the required bond of

$200,000.00, in cash, on June 4, 2009 (Receipt # FLN 3-3159). The district court conducted a hearing on the motion on June 9, 2009, following which it entered a second amended temporary restraining order and writ of attachment (Doc. 20). By order dated June 12, 2009, the district court granted Plaintiffs' motion for preliminary injunction (Doc. 22). In its order the district court stated, *inter alia*, that the preliminary injunction "shall remain in full force and effect until it is further modified or terminated by order of the court. The bond posted by plaintiffs with the clerk of this court shall remain in place for the duration of the preliminary injunction" (Doc. 22 at 10). Defendants moved to vacate the preliminary injunction, which motion the district court denied (Docs. 25, 40).

Among other, more recent events, Defendants filed a motion for summary judgment and an amended motion for summary judgment, Defendants' counsel was permitted to withdraw from the case, Plaintiffs moved for default judgment against CPCE, and this matter was referred for further proceedings to the undersigned due to Chisholm's pro se status (*see* Doc. 24, 30, 41, 45, 49, and 50). Following referral, on October 5, 2009, at this court's instruction, Plaintiffs filed an amended motion for default judgment against CPCE (Docs. 56, 58); Plaintiffs also filed a motion for default judgment against Chisholm individually (Doc. 60). On October 6, 2009, a suggestion of bankruptcy as to CPCE was filed (Doc. 62). The case presently is stayed as to CPCE due to the bankruptcy proceeding; the case remains active as to Chisholm only (Doc. 64, 65, and 66).

In their instant motion, Plaintiffs ask the court to discharge or reduce the $200,000.00 cash bond which they posted for the temporary restraining order and preliminary injunction. Plaintiffs seek modification of the bond in part because it has become "excessive based on the current factors causing Plaintiffs' financial hardship. One Defendant is liquidating so no bond is needed to protect their [sic] interest and Defendant Chisholm, while ignoring this Court, has failed to use his bank accounts and the injunction only netted nominal amounts against him personally" (Doc. 70 at 1). Plaintiffs also assert that Chisholm, the only Defendant as to whom the action is not stayed, has "ignored his obligations to cooperate in discovery and is non-responsive. Defendant has continuously failed to produce vital accounting information and computer records" (*id.* at 4). Moreover, Plaintiffs submit, "Chisholm is not depositing monies in any enjoined accounts and has not done so since the temporary injunction was granted" (*id.* at 5). Chisholm opposes reduction of

the cash bond on two grounds: (1) "that tens of thousands of dollars remains [sic] frozen" and (2) that this Court has not ruled on his motion for summary judgment, made on the grounds that plaintiffs' usurious contract is null and void" (Doc. 72 at 1).

Federal Rule of Civil Procedure 65(c), the authority pursuant to which the preliminary injunction in this case was issued, provides that the security for the injunction shall be in a sum "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); Milan Exp., Inc. v. Averitt Exp., Inc., 208 F.3d 975, 978–79 (11th Cir. 2000). The amount of security for issuance of the preliminary injunction is a matter within the discretion of the trial court. Bellsouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, 425 F.3d 964, 971 (11th Cir. 2005) (citation omitted). Indeed, the court may elect to require no security at all. Id.

With respect to Chisholm's second objection, by separate Report issued this date the court recommends that Chisholm's motion for summary judgment be denied. As to his first objection, the court notes the following. Chisholm has not provided any evidentiary support whatsoever for his contention that "tens of thousands" of dollars have been frozen, though the court will take his statement to mean approximately two tens of thousands, or twenty thousand dollars, are involved. Nor has Chisholm identified whether these funds involve his personal accounts or the accounts of the corporate Defendant CPCE. In either case, Chisholm does not dispute that no funds have been deposited into the enjoined accounts since the injunction was entered. To the extent Chishom refers to himself individually, he does not dispute Plaintiffs' assertion that the injunction has only netted a nominal amount. To the extent Chisholm refers to the corporate Defendant, as to which the action has been stayed due to its filing a suggestion of bankruptcy, this Defendant currently has no legal representation and Chisholm is unable to speak for it, including to argue against Plaintiffs' contention that a large bond is no longer needed to protect the corporation's interest. On the other hand, the court notes that Plaintiffs offer no cogent legal authority for their argument that, because the corporate Defendant is liquidating, no bond is needed to protect its interest. Nor have Plaintiffs identified the precise amount of any monies frozen and attached under the district court's orders.

Upon review of the record, and taking into consideration Plaintiffs' credible claim of hardship, the court concludes that under the present circumstances of this case, it appears that a bond of $200,000.00 is no longer warranted. Additionally, taking into consideration Chisholm's vague assertion that tens of thousands of dollars have been frozen—presumed to be approximately $20,000.00—as well as Plaintiffs' unsupported contention that the CPCE's interest no longer requires protection, the court concludes that a lesser bond of $20,000.00 will suffice for the present. The court therefore recommends that the bond amount immediately be reduced to $20,000.00 and that the clerk of court be directed to release forthwith the balance of $180,000.00, plus any interest accrued on that amount, from the court's registry to Plaintiffs' counsel.[1]

As a final matter, the court will expedite the procedure for placing this matter before the district court, as follows: both parties shall have through **MARCH 31, 2010,** in which to file any objections to this Report and Recommendation and, if objections are filed, the parties shall have through **APRIL 5, 2010**, in which to respond. The clerk shall refer this Report and Recommendation, along with any objections and responses, to the district court for disposition on **APRIL 6, 2010**.

Accordingly, it is **ORDERED** that:

1.      The parties shall have through **MARCH 31, 2010**, in which to file objections, if any, to this Report and Recommendation.

2.      The parties shall have through **APRIL 5, 2010**, in which to respond to objections, if any.

3.       The clerk shall refer this Report and Recommendation, along with any objections and responses, to the district court on **APRIL 6, 2010.**

And it is respectfully **RECOMMENDED** that:

1.      Plaintiffs' "Motion to Discharge Bond and Incorporated Memorandum of Law" (Doc. 70) be **GRANTED,** to the following extent: the amount of the security bond required in connection with Plaintiffs' preliminary injunction be **MODIFIED** to reflect that the amount now required to

---

[1] Should the parties file evidence in support of their respective positions as well as supplemental legal authority, this court will revisit the matter of the amount of the bond to determine whether it should recommend to the district court further modification of the bond.

be posted in the court's registry is $20,000.00. In all other respects the preliminary injunction should remain unaltered.

2. The clerk of court be directed to release from the court's registry the balance of the security bond in the amount of $180,000.00, plus any interest accrued on that amount, to Plaintiffs' counsel, Scott Lieberman, of the firm Lieberman, Danz, & Kronengold, at his address of record.

At Pensacola, Florida, this 25th day of March 2010.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed in accordance with the time restrictions set forth above. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**