UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN BARDFIELD and
CHARLES CARVER,
          Plaintiffs,

v.

                               Case No. 3:09cv232/MCR/EMT

CHISHOLM PROPERTIES CIRCUIT
EVENTS, LLC, and
JOHNNY CHISHOLM, individually,
          Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

      In this diversity action Plaintiffs Steven Bardfield and Charles Carver ("Plaintiffs") sue

Defendants Johnny Chisholm ("Chisholm") and Chisholm Properties Circuit Events, LLC ("CPCE")

(together, "Defendants").  The matter has been referred to the undersigned by the district court for

all pretrial proceedings, including the issuance of preliminary orders, the conduct of necessary

hearings, and—with respect to any dispositive motions—the filing of a report and recommendation

containing proposed findings of fact and conclusions of law (*see* Doc. 50).  *See also* N.D. Fla. Loc.

R. 72.2(E); 28 U.S.C. § 636(b)(1)(B)(C), and Fed. R. Civ. P. 72(b).  Now before this court are

"Plaintiffs' Motion for Entry of Default Judgment Against Defendant Johnny Chisholm" (Doc. 60),[1]

Chisholm's motion for leave to file a response to Plaintiffs' motion out-of-time (Doc. 81) and

Chisholm's proposed response ( Doc. 75), Plaintiffs' response in opposition to Chisholm's motion

---

     [1] Docket Entry # 58 is Plaintiffs' amended motion for entry of default judgment against CPCE, and the docket
should reflect that the motion has been administratively terminated until such time as the stay imposed due to the filing
of the suggestion of CPCE's bankruptcy is lifted (*see* Docs. 62, 64, 66).  Docket Entry # 60 is Plaintiffs' motion for entry
of default judgment against Chisholm, and the docket should reflect that this motion is pending.  The clerk shall be
directed to alter the docket to reflect the current status of these motions.

(Doc. 83), and Plaintiffs' reply to Chisholm's proposed response (Doc. 81).  For the reasons set forth below, the court denies Chisholm's motion for leave to file out-of-time, and it recommends that Plaintiffs' motion for default judgment also be denied.

## Background

The court outlined in detail the background of this case in its report to the district court dated March 25, 2010 (Doc. 76), in which it recommends denying Chisholm's amended motion for summary judgment (Doc. 30).  A modified version of that outline is repeated here.

Plaintiffs allege the following facts in their complaint, which was filed June 1, 2009 (Doc. 1).  Chisholm produces "circuit" parties for the gay community.  Through CPCE, Chisholm produces the One Mighty Weekend ("OMW") event held annually in Orlando, Florida, as part of Orlando's "Gay Days."  Through an intermediary, Chisholm approached Plaintiffs seeking a $200,000.00 loan to secure Disney venues for the OMW event to be held the weekend of June 4, 2009, and Plaintiffs agreed to lend the amount sought for that purpose.  Chisholm executed a promissory note/addendum to Plaintiffs for $200,000.00, and after some additional negotiations, Plaintiffs wired $200,000.00 to Defendants.  Plaintiffs later learned that the OMW event would not take place at Disney venues as Chisholm had represented and that Chisholm had not in fact forwarded their $200,000.00 to Disney as agreed.  According to Plaintiffs, Defendants failed to make installment payments to Plaintiffs pursuant to the terms of the promissory note/addendum.  On June 1, 2009, Plaintiffs initiated this lawsuit by filing a complaint (Doc. 1) and motion for a temporary restraining order/preliminary injunction (Doc. 2).  In their complaint Plaintiffs assert seven claims: Count I (action on promissory note); Count II (fraud in the inducement); Count III (conversion); Count IV (unjust enrichment); Count V (civil theft under Fla. Stat. § 772.11); Count VI (breach of contract; and Count VII (Florida RICO under Fla. Stat. § 772.104, *et seq.*, and § 895.05(1) and (6)). They seek, *inter alia*, the amounts owed under the promissory note, interest, compensatory and treble damages, restitution, equitable relief, injunctive relief, costs, fees, and other relief.

The following is taken from orders and submissions by the parties that are available on the court's electronic docketing system.  On June 3, 2009, the district court issued a temporary restraining order and writ of attachment which froze and attached certain funds held in various accounts belonging to Defendants (Doc. 11, amended at Doc. 12).  CPCE and Chisholm, through

counsel, moved to modify the order, but the district court denied their motion (Docs. 17, 18). On June 9, 2009, the district court conducted a hearing on Plaintiffs' motion for a temporary restraining order and preliminary injunction, which defense counsel—but not Chisholm or any corporate representative of CPCE—attended. The following day, June 10, the district court entered a second amended temporary restraining order which amended the scope of the prior order (Doc. 20). Additionally, based on representations made at the June 9, 2009, hearing that suggested Defendants had violated the amended temporary restraining order, the district court entered an order directing Chisholm to appear and show cause why he should not be held in contempt of the court's June 3, 2009, order (Doc. 21, amended at Doc. 23).

On June 12, 2009, after a hearing, the district court issued an order granting Plaintiffs' motion for preliminary injunction (Doc. 22). *Inter alia*, the injunction froze and attached funds held in accounts belonging to Chisholm and CPCE in specific depositories (*id.*). On June 16, 2009, Chisholm and CPCE moved to vacate the injunction, but the district court denied their motion (Docs. 25, 40). Defendants also filed a motion for summary judgment on June 16, 2009 (Doc. 24), and an amended motion for summary judgment on June 23, 2009 (Doc. 30). An initial scheduling order was entered June 25, 2009 (Doc. 35). On July 16, 2009, the district court conducted a hearing on the show cause order it had issued to Chisholm, at which Chisholm appeared and testified; the docket does not reflect any finding of contempt against Chisholm (*see*, *e.g.*, Doc. 44, minutes of July 16, 2009, hearing). On July 17, 2009, the district court granted the motion of defense counsel to withdraw, in part directing that Chisholm and CPCE had thirty days in which to retain substitute counsel (Docs. 41, 45). Among other matters, the court noted that if new counsel did not timely appear it would assume that Chisholm had elected to proceed pro se and that CPCE had no intention of defending (Doc. 45). Accordingly, Plaintiffs could move for such relief as they deemed appropriate. To date, no new counsel has appeared for either Chisholm or CPCE.

Plaintiffs filed a motion for entry of default judgment against CPCE on August 18, 2009 (Doc. 49). On August 24, 2009, the district court referred this matter for further proceedings to the undersigned due to Chisholm's pro se status (Doc. 50). Chisholm moved for a protective order with respect to certain depositions and the production of documents, and Plaintiffs filed a "unilateral" scheduling report, both on September 10, 2009 (Docs. 51, 52). On September 15, 2009, the court

directed Chisholm to show cause why his motion for protective order should not be denied as untimely filed and also instructed him to inform the court of his efforts to obtain counsel, which documents submitted with Plaintiffs' report suggested were ongoing (Doc. 54). Also, on September 22, 2009, the court directed Plaintiffs to submit a supplemental memorandum in support of their motion for default judgment against CPCE and permitted Plaintiffs to submit evidence in support of their request for an award of damages (Doc. 56). Receiving no response from Chisholm, the court denied his motion for protective order and repeated its instruction to advise the court of his efforts to obtain counsel (Doc. 57). Chisholm, once again, did not respond.

On October 5, 2009, Plaintiffs filed an amended motion for default judgment against CPCE (Doc. 58). Plaintiffs also filed a motion for default judgment against Chisholm individually (Doc. 60). The following day, October 6, 2009, a suggestion of bankruptcy was filed by bankruptcy counsel for CPCE (Doc. 62). The filing noted that CPCE had filed a petition for relief under Title 11 in the United States Bankruptcy Court for the Northern District of Florida, Case No. 09-32069PNS3. It was noted that relief had been ordered on October 6, 2009, and suggested that the action had been stayed by operation of 11 U.S.C. § 362. On October 9, 2009, the court directed Chisholm to file a response to the motion for default judgment (Doc. 63), but he failed to timely do so. Also, on the basis of the suggestion of bankruptcy, the court entered an order noting that as a consequence of the bankruptcy petition the case was automatically stayed as to CPCE (Doc. 64). Additionally, the court advised that for prudential reasons it would stay the case as to Chisholm as well, thereby removing the case and all pending motions from the active docket of the court; however, the court invited the parties to object to staying the entire case if they wished (*id.*). Upon objection by Plaintiffs (Doc. 65), the court lifted the stay as to Chisholm (Doc. 66).[2]

On March 22, 2010, Chisholm submitted to the clerk for filing an untimely response to the motion for default judgment. The court directed that the motion be filed provisionally, pending

---

[2] On February 25, 2010, Plaintiffs filed a motion to discharge bond, which this court denied without prejudice because the motion did not bear a certificate of conference, as required by N.D. Fla. Loc. Rule 7.1(B) (Docs. 67, 69). Plaintiffs filed an amended motion on March 12, 2010 (Doc. 70), to which Chisholm responded (Doc. 72). This court issued a report and recommendation on the motion to discharge bond, on March 25, 2010 (Doc. 77), which the district court adopted on April 26, 2010 (Doc. 85). This court also issued a report and recommendation on Chisholm's motion for summary judgment (Doc. 76) on March 25, 2010, which the district court has adopted (Doc. 84).

Chisholm's filing a motion for leave to file the response out-of-time and the court's review of such motion and any response by Plaintiffs (*see* Docs. 74, 75).  Chisholm filed the motion required by the court (Doc. 81).  On April 16, 2010, Plaintiffs filed a response in opposition (Doc. 83), and, with leave of court, a reply to the proposed response (Doc. 82).

## Discussion

I.      <u>Chisholm's Motion for Leave to File Untimely Response to Motion for Default Judgment</u>

Chisholm states in his motion that he has been without counsel since July 17, 2009, when the district court permitted his counsel to withdraw.  He further states that although he has contacted four Pensacola area attorneys (and continues to communicate with other attorneys), he cannot afford to pay the retainers demanded by the attorneys and thus he has been unable to hire new counsel. Without counsel, Chisholm submits, he has been unable to respond to Plaintiffs' motion for entry of default judgment or the court's orders.[3]  According to Chisholm, he expects to be able to obtain legal assistance on a "piecemeal basis, even if he cannot retain counsel to appear as his attorney, and expects, therefore to be able to mount a defense" (Doc. 81 at 2).

---

[3] Chisholm also makes other arguments, which the court addresses briefly.  First, Chisholm contends that default judgment should not be entered against him because his failure to respond in this case has not been intentional and willful, he has a meritorious defense, Plaintiffs have not been prejudiced by his failure to file a timely response to the motion for default judgment, and it would be "manifestly unjust" to permit an award against him of treble damages without permitting him to defend (Doc. 81 at 2–3). These arguments pertain to opposition of the motion for default judgment, not to Chisholm's failure to file a timely response.

Second, Chisholm maintains that "as this Court's recent denial of his motion for summary judgment demonstrates, the question of plaintiffs' usurious intent in making the loan at issue should be presented to a jury" and that "this Court has stated that the issues raised in [Chisholm's motion for summary judgment] need to be determined by a jury . . . ." (*id.*).  These related statements also pertain to opposing Plaintiffs' motion for default judgment, not to any reasons Chisholm might have for failing to timely respond.  Moreover, these statements indicate that Chisholm misunderstands both the nature of this court's March 24, 2010, report and recommendation to the district court and the substance of its recommendation (Doc. 76).  This court's authority extends only to submitting to the district court a recommended resolution of dispositive motions, such as Chisholm's motion for summary judgment. *See*, *generally*, 28 U.S.C. § 636.  After giving the parties an opportunity to object to the recommendation, the district court decides whether to adopt the recommendation, modify it, or reject it.  Additionally, this court did *not* state that the issue of usurious intent should be presented to and decided by a jury (*see* Doc. 76 at 10).  Rather, the court stated that it would assume, without deciding, that Florida's usury laws applied to the parties' agreement and that Chisholm had come forward with sufficient evidence to establish that no triable issues existed with respect to three of the four elements required to establish a usurious transaction under Florida law.  Making these assumptions, the court nevertheless was persuaded that Chisholm had failed to meet his burden of showing that no triable question existed as to the fourth element of a usurious transaction, which is whether Plaintiffs acted with corrupt intent.  In short, this court concluded, and recommended that the district court so find, that Chisholm failed to demonstrate he was entitled to summary judgment in his favor based on a usury defense. *This court did not conclude or recommend that Chisholm was entitled to present a usury defense to a jury, much less that he should be permitted to present the specific issue of Plaintiffs' usurious intent to a jury.*

Case No. 3:09cv232/MCR/EMT

Federal Rule of Civil Procedure 6(b)(1) provides that when a party files a motion after the time for doing so expires, a court may, for good cause, extend the time "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  In Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court held that neglect encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." *Id.* at 388.  Whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.  The Court identified four factors to guide courts in determining whether excusable neglect has occurred: "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *see also* Walter v. Blue Cross & Blue Shield United of Wis., 181 F. 3d 1198, 1201 (11th Cir. 1999).  Although under Rule 6(b) the court has the discretion to accept an untimely filing if excusable neglect is shown, the rule does not require the  court to do so.  *See* Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 & n.5, 110 S. Ct. 3177, 3192 & n. 5, 111 L. Ed. 2d 695 (1990) (explaining that Rule 6(b) confers discretion on the district court to permit untimely filings, but does not compel the district court to accept them).

Chisholm's delay in responding to the motion for default judgment has been lengthy and had the potential to impact the proceedings.  Most significant, however, is that Chisholm has offered no good reason for his failure to timely act, much less shown that this failure was not within his reasonable control.  Pioneer Inv. Servs. Co., 507 U.S. at 385.  Indeed, the contrary seems true, as Chisholm has not suggested that anything he has done recently regarding obtaining legal representation he could not have done earlier.  At the very least, Chisholm could have filed a response of some sort to the motion for default judgment far sooner (either pro se in fact or—as appears to be the case now—with the assistance of an attorney, although no counsel has yet made an appearance on his behalf since his prior counsel withdrew[4]).  Finding no excusable neglect, the

---

[4]  As required by Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595–96, 30 L. Ed. 2d 652 (1972), this court interprets pleadings filed pro se liberally.  If Chisholm submits pleadings that are represented as being pro se in nature but in actuality have been drafted by an attorney, Chisholm would receive an unfair advantage in that his pleadings would be construed liberally while those filed by Plaintiffs would be held to a higher level of scrutiny; this advantage could affect other aspects of the litigation as well.  Moreover, this sort of "ghost-writing" has been deemed

court therefore denies Chisholm's motion for leave to file a response out-of-time to Plaintiffs' motion for entry of default judgment.[5]  Chisholm's proposed response (Doc. 75) to the motion, and Plaintiffs' reply (Doc. 82), therefore shall not be considered.

II.     Motion for Entry of Default Judgment

Plaintiffs seek default judgment against Chisholm individually on five of the seven counts of the complaint.[6]  Plaintiffs argue that the court may enter default judgment under its inherent authority to sanction Chisholm for his failure to comply with court orders; they also apparently rely on the court's authority pursuant Fed. R. Civ. P. 37 to sanction Chisholm for the failure to cooperate in the discovery process.  Additionally, Plaintiffs maintain that under Fed. R. Civ. P. 55 entry of default judgment is appropriate in light of Chisholm's failure to defend this action.[7]  The court addresses these contentions in turn.

A.     Court's Inherent Power/Federal Rule of Civil Procedure 37

Pursuant to their inherent power courts have the authority to impose sanctions for litigation misconduct.  Chambers v. NASCO, Inc., 501 U.S. 32, 51, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009); In re Sunshine Jr. Stores, 456 F.3d 1291, 1304 (11th Cir. 2006).  This inherent power derives from the

_____

a deliberate evasion of the responsibilities imposed on counsel by Federal Rule of Civil Procedure 11 and, as such, has been widely condemned as unethical.  *See, e.g.,* Duran v. Carris, 238 F.3d 1268, 1273 (10th Cir. 2001); Ellis v. Maine, 448 F.2d 1325, 1328 (1st Cir. 1971); Bush v. Adams, 2010 WL 1253990 (E.D. Va. 2010); Wesley v. Don Stein Buick, Inc., 987 F. Supp. 884, 886 (D. Kan 1997); Ricotta v. State, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998); Gold v. Dalkon Shield Claimant's Trust, 1998 WL 422900 (D. Conn. 1998). Any counsel hired by Chisholm, whether to represent him on a "piecemeal" basis or otherwise, should conduct him or herself appropriately, *i.e.*, by entering an appearance.

[5]   Even if Chisholm's motion to file a response out-of-time were not denied on its merits, in light of the court's conclusion that Plaintiffs' motion for default judgment should be denied for reasons not raised by Chisholm, his motion is effectively moot.

[6] These include Counts II through V and Count VII.  Thus Plaintiffs do not seek default judgment as to Count I or Count VI.

[7]   Plaintiffs state that they incorporate by reference the arguments made in their amended motion for default judgment against CPCE (*see* Doc.  60 at 1).  Plaintiffs did not seek leave of court to incorporate the arguments of one motion into another motion, which in any event is a practice courts of this district rarely permit for reasons of convenience as well as to enforce page limitation restrictions.  In this instance, however, in the interest of judicial economy, in assessing the merits of the instant motion the court has also reviewed relevant arguments contained in the amended motion for default judgment against CPCE, which motion is administratively terminated pending resolution of the bankruptcy proceedings involving CPCE (Doc. 58).

court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." <u>Chambers</u>, 501 U.S. at 43 (quotation marks and citation omitted). It is well-settled that the entry of a judgment by default is available to facilitate the exercise of the court's inherent power to control its docket. <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985) (citing <u>Flaksa v. Little River Marine Construction Co.</u>, 389 F.2d 885, 887 (5th Cir. 1968)). The power to impose sanctions, however, "must be exercised with restraint and discretion." <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980). The Eleventh Circuit has noted that "'[t]he key to unlocking a court's inherent power is a finding of bad faith.'" <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1106 (11th Cir. 2001) (quoting <u>Barnes v. Dalton</u>, 158 F.3d 1212, 1214 (11th Cir.1998)); *see also* <u>In re Mroz</u>, 65 F.3d 1567, 1575 (11th Cir. 1995) ("Invocation of a Court's inherent power requires a finding of bad faith."). Bad faith is present "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,'" or if "a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" <u>Chambers</u>, 501 U.S. at 46 (quotations and citations omitted). In general, "the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." <u>In re Sunshine Jr. Stores, Inc.</u>, 456 F.3d at 1306 (internal citation and quotation omitted). When exercising its inherent power, the court must comply with due process in determining bad faith and affixing sanctions. <u>Chambers</u>, 501 U.S. at 50. Because the inherent power sanctions of dismissal and default serve the same purposes as contempt, in other words, "vindicat[ing] the District Court's authority over a recalcitrant litigant," *id.* at 53 (internal quotation and citation omitted), these sanctions require the same standard of proof, which is clear and convincing evidence. <u>Shepherd v. American Broadcasting Companies</u>, 62 F.3d 1469, 1472–73 (D.C. Cir. 1995); <u>Qantum Comms. Corp. v. Star Broadcasting, Inc.</u>, 473 F. Supp. 2d 1249, 1277 (S.D. Fla. 2007) (finding by clear and convincing evidence that defendant engaged in abusive conduct, including lying under oath, and that no sanction less than default judgment and fees would sufficiently deter and punish such conduct); <u>Chemtall, Inc. v. Citi-Chem, Inc.</u>, 992 F. Supp. 1390, 1408 (S.D. Ga. 1998) (observing that district court may use its inherent power to enter a default judgment only if it finds by clear and convincing evidence that the abusive behavior occurred and that lesser sanction would not suffice).

In support of their motion, Plaintiffs point to Chisholm's failure to appear before the district court for the June 9, 2009, hearing on the preliminary injunction and to produce accounting records for the hearing; his failure to respond to the district court's order of July 17, 2009, giving Defendants thirty days to obtain substitute counsel; and this court's order of September 15, 2009, directing Chisholm to inform the court of his efforts to obtain new counsel (*see* Doc. 60 at 4). Plaintiffs additionally assert that "Chisholm has further failed to comply with his Rule 26 obligations and has failed to submit his Rule 7.1 corporate disclosure statement due on July 9, 2009. His failure to participate in the creation of a discovery plan and the Joint Scheduling Report in this matter resulted in Plaintiffs having to file a Unilateral Report with this Court. This conduct also subjects Defendant to sanctions under Rule 37(f)" (Doc. 60 at 5). Moreover, Plaintiffs contend, "[a]greements were made for [missing discovery] items to be produced including the electronic back-ups. Despite representations to the contrary such critical documents have still not been produced" (*id.*). Plaintiffs submit that Chisholm's "contumacious conduct and utter disregard of this Court's Orders and his Rule 26 violations provide ample grounds to enter default judgment against him, and his prior disregard of this Court's Orders makes imposing additional lesser sanctions futile" (*id.*).

First, this court is not aware that Chisholm was required to attend the June 9, 2009, hearing in this civil matter; further, the court notes that Chisholm did appear and testify at the contempt hearing held July 16, 2009, and that the district court has not entered a finding of contempt against him. Second, the district court's July 17, 2009, order noted that if counsel failed to timely appear on Chisholm's behalf, the court would assume he intended to proceed pro se. Chisholm was not ordered to file a response. When no counsel appeared, the court made the assumption that Chisholm, in his capacity as an individual Defendant, was representing himself. In its order of September 15, 2009 (and of October 1, 2009, *see* Doc. 57), this court did instruct Chisholm to respond, which he failed to do. Chisholm's failure to respond to two of this court's orders regarding the status of his efforts to obtain new counsel, however, did not significantly delay the proceedings. Chisholm's conduct does not constitute clear and convincing evidence of bad faith such that, under its inherent power, the court should impose the ultimate, draconian sanction of entry of default judgment. Moreover, if any sanction were due for Chisholm's actions, or rather failure to act, a far lesser one than entry of default judgment would be appropriate.

As to Chisholm's alleged violations of certain procedural rules, entry of default judgment likewise is not warranted. Chisholm, as an individual, was not required to submit a Fed. R. Civ. P. 7.1 corporate disclosure statement (*see* Initial Scheduling Order, Doc. 35 at 8). Regarding Chisholm's alleged discovery violations, it is well-settled that Rule 37 confers broad discretion upon the district court to fashion appropriate sanctions for the violation of discovery orders. *See* United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993)). This discretion, however, is not unbridled. Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993). Entering a default judgment pursuant to Rule 37 is appropriate "only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) (citations omitted). It is an abuse of discretion for the court to enter a default judgment if lesser sanctions would suffice. *Id.*

First, the proper sanction for failing to participate in framing a discovery plan is an award of expenses, not entry of default judgment. *See* Fed. R. Civ. P. 37(f). Moreover, with respect to Plaintiffs' assertions that Chisholm failed to respond to their discovery requests, the docket does not reflect that Plaintiffs ever filed a motion to compel discovery. While on its face, Rule 37 "does not require that a court formally issue an order compelling discovery before sanctions are authorized," in light of the severity of the sanction of entry of default judgment, an order compelling discovery should be required prior to granting such relief. *See* United States v. Route 1, 126 F.3d at 1317–18 (stating that "the absence of either a motion to compel. . . or an order of the court compelling discovery . . . rendered inappropriate" the sanctions of dismissal of claims and entry of default judgment).

In short, for the reasons discussed, this court concludes that entry of default judgment against Chisholm pursuant to the court's inherent power or Rule 37 is not warranted.

B.      Federal Rule of Civil Procedure 55

Rule 55 sets out a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, if the plaintiff's

claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending. Fed. R. Civ. P. 55(b)(2). Thus, by its terms, Rule 55 characterizes an entry of default and a default judgment as two distinct events. *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"); *see also* <u>Johnson v. Rammage</u>, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (explaining that party seeking default judgment must first seek entry of default); <u>Travelers Casualty and Surety Company of America, Inc. v. East Beach Development, LLC</u>, 2007 WL 4097440 (S.D. Ala. 2007) (denying motion for default judgment pursuant to Rule 55(b) without prejudice to refiling after obtaining clerk's entry of default pursuant to Rule 55(a)); <u>Sun v. United States</u>, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (entry of default is "a prerequisite to a default judgment"). The law is clear that these two separate steps cannot be combined into one. *See, e.g.*, <u>Ramada Franchise Systems, Inc. v. Baroda Enterprises, LLC</u>, 220 F.R.D. 303, 304 (N.D. Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment."); <u>UMG Recordings, Inc. v. Stewart</u>, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006). Rather, the clerk's entry of default must precede an application to the district court for entry of default judgment. *See, e.g.*, <u>Virgin Records America, Inc. v. Johnson</u>, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006) ("Entry of default must precede an entry of default judgment."); <u>Fairman v. Hurley</u>, 373 F. Supp. 2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); and <u>Canady v. Erbe Elektromedizin GmbH</u>, 307 F. Supp. 2d 2, 8–9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party unable to apply for entry of default judgment).

After a default has been entered pursuant to Rule 55(a), in order to determine whether the moving party is entitled to default judgment pursuant to Rule 55(b) the court must review the sufficiency of the complaint and its underlying substantive merits. 10 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 55.20[2][b] (3d ed. 2007); <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997); *see also* <u>GMAC Commercial Mortgage Corp. v. Maitland Hotel</u>

Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002). In defaulting a defendant "admit[s] the plaintiff's well-pleaded allegations of fact" for purposes of liability. Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987). Accordingly, if the facts alleged in the complaint are sufficient to establish liability, the court must conduct an inquiry to ascertain the amount of damages. Arista Records, Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Damages may only be awarded if the record adequately reflects the basis for the award through a hearing or detailed affidavits establishing the necessary facts. See Adolph Coors Co. v. Movement Against Racism and The Klan, 777 F.2d 1538, 1544 (11th Cir. 1985).

In this case, Plaintiffs did not request, and the clerk has not entered, a default pursuant to Rule 55(a). As entry of default is a prerequisite to the default judgment, Plaintiffs' motion for entry of default judgment could be denied as premature. Sun, 342 F. Supp. 2d at 1124 n.2 (describing plaintiff's motion for default judgment as premature because he had failed first to obtain entry of default). Moreover, even if Plaintiffs had obtained an entry of default—or the court now directed the clerk to enter it—entry of default judgment would not be appropriate at this time. As previously indicated, the "[e]ntry of judgment by default is a drastic remedy which should be used only in "extreme situations" or "exceptional circumstances." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316–17 (11th Cir. 2002). At the time the amended motion for default judgment was filed, Chisholm had pending in this action an amended motion for summary judgment.[8] That Chisholm subsequently failed to respond to orders of the court regarding the substitution of counsel when he was proceeding pro se or to timely attempt to respond to the motion for entry of default judgment did not significantly prejudice Plaintiffs, if at all. Additionally, more recently Chisholm has attempted to defend the case by opposing Plaintiffs' motion to reduce bond and seeking to file a response to Plaintiffs' motion for default judgment. Thus, even if entry of default had been made, it appears that good cause would exist for setting it aside. See Fed. R. Civ. P. 55(c). In any event, the facts of this case do not appear to constitute "exceptional circumstances" justifying entry of default judgment. Wahl, 773 F.2d at 1174. As a final matter weighing against

---

[8]   As noted, the district court recently adopted this court's recommendation that the amended motion for summary judgment be denied.

entry of default judgment, the court is also mindful that in the Eleventh Circuit "there is a strong policy of determining cases on their merits" which results in "view[ing] defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); *see also* Owens v. Benton, 190 Fed. App'x. 762, 763 (11th Cir. 2006) (noting the "strong preference that cases be heard on the merits instead of imposing sanctions that deprive a litigant of his day in court").

For the foregoing reasons, this court concludes that entry of default judgment against Chisholm pursuant to Rule 55 is not warranted.

### Conclusion

For the reasons set forth in the body of this report, the court denies Chisholm's motion for leave to file out-of-time a response to Plaintiffs' motion for entry of default judgment (Doc. 81). Additionally, the court recommends that Plaintiffs' amended motion for entry of default judgment against Chisholm (Doc. 60), be denied.

Accordingly, it is **ORDERED**:

1. The docket shall reflect that Docket Entry # 60, Plaintiffs' motion for entry of default judgment against Defendant Chisholm, is pending. The docket shall also reflect that Docket Entry #58, Plaintiffs' amended motion for entry of default judgment against Defendant CPCE, is administratively terminated until the stay imposed as to this Defendant has been lifted.

2. Defendant Chisholm's motion for leave to file out-of-time a response to Plaintiffs' motion for entry of default judgment (Doc. 81) is **DENIED**.

3. Should the district court adopt this report and recommendation, the clerk shall immediately refer this matter to the undersigned for further proceedings.

And it is respectfully **RECOMMENDED**:

That Plaintiffs' motion for entry of default judgment against Defendant Chisholm (Doc. 60) be **DENIED**.

At Pensacola, Florida this <u>4</u><sup>th</sup> day of May 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).